```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| GENERAL COLLECTION, Co., | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3178 |
| | ) | |
| v. | ) | |
| | ) | |
| JOEL MEYER, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, General Collection Company, as assignee of Central Nebraska Orthopedics & Sports Medicine, filed suit against the defendant, Joel Meyer, to collect a debt Meyer allegedly owes to Central Nebraska Orthopedics. General Collection filed the lawsuit in the County Court of Hall County, Nebraska on June 4, 2007. The defendant filed a notice to remove the suit to this forum on July 9, 2007. Filing 1. The notice of removal asserts this court has federal question subject matter jurisdiction over the plaintiff's claim. Specifically, the defendant alleges:

> [T]his Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §§1441(b),(c) in that it arises under federal law, 15 U.S.C. § 1601-1692*o et seq.*, 42 U.S.C. §§ 1320a-7c, and 29 U.S.C.§§ 1001 *et. seq.* as a result of plaintiff's pleading language on the face of the complaint, specifically the language "This is an attempt to collect a debt and all information will be used for that purpose" recited thereon pursuant to 15 U.S.C. §§ 1692 *et seq.*, and that language incorporated by reference identified in paragraph 4 of the complaint, to wit, defendant's Employee Retirement Income and Security Act of 1974 (ERISA), Social Security Administration, and Department of Health and Human Services information appearing thereon.

Filing 1 (Notice of Removal), ¶ XIV.

Currently pending is the defendant's "application for a default judgment against plaintiff/cross-defendant for the relief demanded in the countercomplaint." Filing 19. However, before addressing this motion, the court must first determine whether it has subject matter jurisdiction over the case. Federal district courts are courts of limited jurisdiction, with the extent of that jurisdiction defined by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986) (citing Marbury v. Madison, 1 Cranch 137, 5 U.S. 137 (1803). Although the plaintiff has neither moved for remand nor raised the jurisdictional issue, lack of subject matter jurisdiction may be raised at any time by the court on its own initiative. Fed. R. Civ. P. 12(b)(1) and 12(h)(3); Clark v. Paul Gray, Inc., 306 U.S. 583 (1939).

"A defendant may remove a state law claim to federal court when the federal court would have had original jurisdiction if the suit originally had been filed there." Phipps v. F.D.I.C., 417 F.3d 1006, 1010 (8th Cir. 2005)(citing 28 U.S.C. § 1441(b)). See also, City of Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997). "Removal based on federal question jurisdiction is usually governed by the "well-pleaded complaint" rule." Phipps, 417 F.3d at 1010 (citing Krispin v. May Dep't Stores Co., 218 F.3d 919, 922 (8th Cir. 2000)). The well-pleaded complaint rule "provides that federal jurisdiction may be invoked 'only where a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Phipps, 417 F.3d at 1010 (quoting Krispin, 218 F.3d at 922). This rule "makes the plaintiff the master of the claim," allowing the plaintiff to "avoid federal jurisdiction by exclusive reliance on state law." Phipps, 417 F.3d at 1010 (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).

The allegations of the complaint existing at the time of removal control whether the plaintiff's claims are sufficient to establish federal question jurisdiction.  Pullman Co. v. Jenkins, 305 U.S. 534, 537-538 (1939); Crosby v. Paul Hardeman, Inc., 414 F.2d 1, 3 (8th Cir. 1969).  If the defendant proves that any claim within the plaintiff's complaint supports federal question jurisdiction, the defendant may remove the entire case to federal court, including any alleged state-law claims arising from the same core of operative facts.  See 28 U.S.C. § 1367; City of Chicago, 522 U.S. at 164; Phipps, 417 F.3d at 1010 (citing Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir. 1996)).  However, all doubts as to the propriety of exercising federal jurisdiction over a removed case must be resolved in favor of remand.  Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

The plaintiff's state court complaint alleges:

The plaintiff, General Collection, is a Nebraska corporation located in Grand Island, Nebraska.  Defendant Meyer, a resident of Howard County, Nebraska, allegedly owes Central Nebraska Orthopedics $3,441.00 for materials and services rendered, plus pre-judgment interest in the amount of $35.63.  Central Nebraska Orthopedics assigned its claim against Meyer to General Collection to collect this debt.  General Collection therefore seeks a judgment against the defendant in the amount of $3,476.63, plus costs, attorney fees, and interest as provided by law.

The defendant responded to the plaintiff's state court complaint by filing an answer and counterclaim in the County Court of Hall County on July 11, 2007.  Filing 17.  However, the

defendant had removed the plaintiff's complaint to federal court on July 9, 2007. Filing 1. Accordingly, the defendant's answer and counterclaim were not filed in this court until the defendant separately filed a "Notice of Lodging Filed Endorsed Answer and Counterclaim" on January 31, 2008. Filing 17.

The defendant's answer denies the allegations of the plaintiff's complaint and raises the following affirmative defenses:

> The alleged underlying debt is the product of duress and undue influence in that the recipient of the medical services underlying the debt, defendant's infant son Silas Meyer, was covered by Medicaid and the Beech Street Health Plan, Central Nebraska Orthopedics misrepresented that it would provide services at a discounted fee to those covered by Medicaid and/or the Beech Street plan, and it failed to disclose that the amount owed for medical services would exceed the defendant's reasonable expectations;
>
> The amounts charged by Central Nebraska Orthopedics exceeded the rate allowed under the state Medicaid program and the extent of defendant's indebtedness is therefore unconscionable;
>
> The alleged debt owed to Central Nebraska Orthopedics arose from an unenforceable adhesion contract;
>
> Any consent allowing Central Nebraska Orthopedics to provide medical services to Silas Meyer was obtained through fraud; and
>
> The medical provider who treated Silas Meyer abused a confidential relationship and took advantage of the plaintiff, and the defendant is not responsible for medical expenses arising from such conduct.

Filing 17, ¶¶ 9-18.

4

> The defendant's counterclaim for damages, alleges:
>
> The defendant violated Nebraska public policy and statutory law by assessing excessive interest and finance charges against the defendant, (filing 17, ¶¶ 20-22);
>
> The plaintiff's collection action violates Nebraska's Unfair and Deceptive Trade Practices Act, the Nebraska Consumer Protection Act, and Nebraska's Collection Agency Act, (filing 17, ¶¶ 23-25);
>
> The plaintiff violated federal and Nebraska law by attaching a document containing the defendant's social security number to its state court complaint, thereby publically disclosing defendant's personal and confidential information which, in turn, resulted in theft of his identity and associated financial and emotional injury, (filing 17, ¶¶ 27-33); and
>
> The plaintiff's suit violates the federal Collection Agency Act and Fair Debt Collection Practices Act because attempting to collect medical fees expressly or impliedly prohibited by law is oppressive, abusive, deceptive, and misleading, (filing 17, ¶ 26).

Filing 17.

Read liberally, the defendant's notice of removal alleges that the plaintiff's complaint raises issues of federal law and therefore federal question jurisdiction exists. Federal question jurisdiction arises when the plaintiff's complaint, standing alone, "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." <u>Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California</u>, 463 U.S. 1, 27-28 (1983). However, the existence of a "federal issue" does not necessarily vest the court with federal question jurisdiction. There is no "'single, precise, all-embracing' test for jurisdiction over

federal issues embedded in state-law claims between nondiverse parties." Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 314 (2005). The court may not refuse jurisdiction over a plaintiff's claims "simply because they appeared in state raiment." Grable, 545 U.S. at 314. However, "federal issue" is not a password that opens the federal courts to any state action embracing a point of federal law. Grable, 545 U.S. at 314. "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314. As explained in Grable:

> [I]n certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues. . . . The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues. . . ."

Grable, 545 U.S. at 312.

The state court complaint filed by General Collection alleges a Nebraska common law action for collection of a medical debt. Although the complaint states "This is an attempt to collect a debt and any information obtained will be used for that purpose," this language does not transform a state common law claim into an action created under federal law. Moreover, based on the allegations of the plaintiff's well-pleaded complaint, the court need not resolve any substantial, disputed questions of significant federal law, including the federal Truth in Lending Act or Fair Debt Collection Practices Act, to determine a

6

necessary element of a state-law claim. Grable, 545 U.S. at 315; Franchise Tax, 463 U.S. at 12. These federal acts and their associated regulations are not "essential element[s]" "at the heart" of the plaintiff's state-law claim. Grable, 545 U.S. at 315, 320.

An independent corollary to the "well-pleaded complaint" rule is the "complete preemption" doctrine. The preemptive force of certain federal statutes is deemed so extraordinary as to convert complaints purportedly based on state law into complaints stating federal claims from their inception. Phipps, 417 F.3d at 1010 (citing Krispin, 218 F.3d at 922). "Congress may so completely preempt a particular area that a civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-63 (1987)(finding complete preemption under § 502 of ERISA). In such a case, even if the allegations of the complaint would otherwise provide a basis for recovery under state law, these state law claims are deemed "completely preempted" by federal law, federal subject matter jurisdiction exists, and removal is appropriate. Metropolitan Life Ins., 481 U.S. at 63-64.

Assuming the court can consider the defendant's late-filed answer in assessing whether federal jurisdiction exists, none of the affirmative defenses raises a federal preemption defense. The defendant has raised affirmative defenses arising under state common and statutory law. Although the defendant's counterclaim alleges a right to recover against the plaintiff under the federal Collection Agency Act and federal Fair Debt Collection Practices Act, a counterclaim seeking recovery under federal law cannot provide the basis for removal. "[A] counterclaim--which appears as part of the defendant's answer, not as part of the

plaintiff's complaint--cannot serve as the basis for 'arising under'" federal question jurisdiction. Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831 (2002). Moreover, even if the court liberally construed the allegations of the counterclaim as raising additional affirmative defenses, the federal allegations in the counterclaim provide no basis for exercising federal question jurisdiction under the complete preemption doctrine. Magee v. Exxon Corp., 135 F.3d 599 (8th Cir. 1998)(holding Truth-in-Lending Act does not completely preempt state law credit action so as to create federal question removal jurisdiction); Chase Manhattan Mortg. Corp. v. Smith, 507 F.3d 910 (6th Cir. 2007)(holding mortgagors' defenses and counterclaims under the federal Fair Debt Collection Practices Act were inadequate to confer federal question jurisdiction).

I find that the plaintiff's complaint was improperly removed to this forum. This court lacks federal question subject matter jurisdiction over the plaintiff's complaint, and the case must be remanded to the state court.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, pursuant to 28 U.S.C. § 636(b) that this case be remanded to the County Court of Hall County, Nebraska.

The parties are notified that a failure to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

DATED this 14th day of February, 2008.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge